IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

TAVIS D. DOYLE,

Defendant.

No. 10-30057-DRH

## ORDER

**HERNDON, Chief Judge:**

Pending before the Court is Doyle's March 4, 2014 request to (reconsider) motion for acquittal (R. 29) (Doc. 284). Doyle "requests that this Court reconsider his earlier 'Motion for Judgment of Acquittal' (as per Fed.R.Crim.P. 29) and grant it in light of evidence (that was already before the jury) and the Supreme Court's recent explanation of the term 'results from' in 21 U.S.C. § 841(b)(1)(C) [the statute underlying Count IV] of the Fourth Superseding Indictment." Based on the following, the Court dismisses Doyle's motion for lack of jurisdiction.

Once a district court enters final judgment it lacks jurisdiction to continue to hear related issues, except to the extent authorized by statute or rule. *See Carlisle v. United States*, 517 U.S. 416 (1996). The following post-judgment motions are allowed if timely filed. Under Federal Rule of Criminal Procedure 35, revision is proper only within 7 days, unless the prosecutor files an appropriate motion or the

court of appeals remands. Further, a Rule 33 motion for new trial based on evidence must be brought within 3 years after the verdict and a Rule 33 motion for new trial based on other grounds must be brought within 7 days after the verdict. Lastly, a collateral attack under 28 U.S.C. § 2255 which has a 1 year statute of limitations.

Here, Doyle does not cite any case law or statute which allows the Court to consider his motion. Rule 35 is inapplicable because this motion is brought two and a half years *after* the sentencing and Judgment (August 25, 2011); the motion does not appear to be brought to correct the sentence arithmetical, technical or other clear error and the government has not filed a motion to reduce. Likewise, Rule 33 does not apply because the motion does not appear to be brought on newly discovered evidence and it was not filed within 7 days of the verdict to be timely to be brought based on other reasons. Therefore, the only other possible procedural avenue that Russell could bring this motion is a § 2255 collateral attack. Based on the case law, the Court must treat a post-judgment motion as a collateral attack if it meets the description of § 2255.[1] *See Romandine v. United States*, 206 F.3d 731 (7th Cir. 2000). After reviewing the pleadings, it is not clear to the Court that Doyle intends to pursue a collateral attack.[1] Because the Court finds that Doyle's motion

---

[1] In the event that Doyle wishes to file a collateral attack as to this criminal case, the Court advises Doyle to consult 28 U.S.C. § 2255, the Federal Rules of Criminal Procedure and the Court's Local Rules on how to properly file such a petition.
**Error! Main Document Only.**

does not fall under any of the exceptions authorized by statute or rule, the Court lacks jurisdiction to entertain the motion.

Accordingly, the Court dismisses for lack of jurisdiction Doyle's March 14, 2014 request to (reconsider) motion for acquittal motion (R. 29) (Doc. 284).

**IT IS SO ORDERED**.

Signed this 5th day of March, 2014.

Digitally signed by David R. Herndon
Date: 2014.03.05 12:38:03 -06'00'

**Chief Judge
United States District Judge**