IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 10-CR-30057-DWD |
| | ) | |
| TAVIS D. DOYLE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

On March 26, 2021, the United States filed a motion to authorize payment from the inmate trust account of Defendant Tavis D. Doyle (Doc. 299). On August 25, 2011, the Court sentenced Doyle to life imprisonment and ordered him to pay a special assessment of $300.00 and a fine of $3,000.00 (Doc. 226). Doyle has paid $300.00 towards the special assessment, and $1,313.74 towards his fine; leaving a total outstanding balance of $1,686.26 still owed[1].

According to the United States, the Bureau of Prisons ("BOP") maintains in its possession, custody, or control $1,665.59 in encumbered funds belonging to Doyle that are currently held in his prison trust account. The Government seeks payment from Doyle's inmate trust account in this amount and asks the undersigned to direct the BOP

---

[1] The Government represented in its Motion that as of March 22, 2021, Defendant owed a balance of $1,731.26 (Doc. 299). According to Defendant, he submitted a payment on March 9, 2021, reducing his outstanding balance to $1,666.26 (Doc. 300). However, the records maintained by the financial department of the Clerk's Office reveal that, as of the date of this Order, Doyle still owes $1,686.26 on his fine.

to turn over $1,665.59 to be applied to his outstanding debt in this case. Doyle timely responded to the Government's Motion (Doc. 300). Doyle politely expresses his objection to the motion, protesting that he has faithfully participated in the Inmate Financial Responsibility Program ("IFRP")[2], paying $45.00 quarterly, and has been making timely payments for at least 8 years. Doyle argues that it is unfair that his money can be seized by the Government when he continues to meet his required installment payments.

Several methods exist for the Government to collect debts like restitution and fines resulting from criminal prosecution. *See Untied States v. Meux*, 597 F.3d 835, 837 (7th Cir. 2010) (the Government "is authorized to enforce a judgment imposing a fine or restitution 'in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law.'"). Federal law gives the Government a lien on all of Defendant's property, just as if the United States held a tax lien on his property. *See* 18 U.S.C. § 3613(c); *United States v. Lemberger*, 673 Fed.Appx. 579, 580 (7th Cir. 2017). This encumbered property includes Defendant's inmate trust account, and generally, such funds are not exempt from enforcement. *See* 18 U.S.C. § 3613(a); *United States v. Sanchez-Estrada,* 62 F.3d 981, 989 (7th Cir. 1995); *Lemberger*, 673 Fed.Appx. at 580 (Fine and restitution obligations may be enforced in the manner provided for in 18 U.S.C. §§ 3571-3574 and 18 U.S.C. §§ 3611-3615, plus "all other available and reasonable means"

---

[2] The Inmate Financial Responsibility Program is a program through which BOP staff members help inmates develop plans to meet their financial obligations. "Inmates who do not participate may lose a number of privileges," such as prison job training programs, furloughs, and higher commissary spending limits, and access to community-based programs. But is it a purely voluntary program. *United States v. McKnight*, 665 F.3d 786, 795 (7th Cir. 2011), *citing* 28 C.F.R. 545.10-545.11, and *United States v. Boyd,* 608 F.3d 331, 333 (7th Cir. 2010).

regardless "of an inmate's participation in the [inmate payment program]").

The undersigned is not unsympathetic to Defendant's position. However, Defendant has not offered a sound legal basis to deny the pending motion. The statutory provisions relied on by the Government permit the non-exempt funds in Doyle's trust account to be taken and applied toward his criminal monetary obligation. Further, 18 U.S.C. § 3664(n) obliges Doyle to apply any "substantial resources" to the fine that he still owes. *See* 18 U.S.C. § 3664(n) (a person who is obligated to pay restitution or a fine and who receives substantial resources from any person while incarcerated is "required to apply the value of such resources to any restitution or fine still owed.").

Moreover, Doyle's participation in the IFRP program does not create a contractual relationship with the Government.  As other district courts have persuasively reasoned, the IFRP documents signed by defendant do not "evince any promise made or obligation assumed by the government in exchange for [defendant]'s participation in the IFRP." *Shelton v. United States*, 539 F.App'x 1011, 1013 (Fed. Cir. 2013).  Instead, the IFRP documents show defendant's:

> understanding of the IFRP and his pledge to submit payments according to the specified schedule, and it indicates that prison staff participated only in providing information on the IFRP program and witnessing [defendant]'s signature.  In short, the signed financial plan does not reflect consideration of any sort offered by the government in return for [defendant]'s participation.

*Id.*; *see also Kaplan v. Ortiz*, 2018 WL 1522714, at *4 (D.N.J. Mar. 28, 2018); *Ewing v. Carter*, 2014 WL 1516332, at *3 (N.D. W. Va. Apr. 17, 2014) (rejecting inmate's argument that inmate financial plan document was a contract).

In short, Federal law gives the Government a lien on Defendant's inmate trust account, and 18 U.S.C. § 3664(n) obliges him to apply any "substantial resources" to the fine that he still owes. Defendant's participation in the IFRP does not otherwise preclude the Government from collecting the fine through all other available reasonable means, including 18 U.S.C. § 3613.  Accordingly, the Court **FINDS** that Defendant still owes at least $1,665.59 on his fine. For good cause shown, the Court **GRANTS** the motion to authorize payment from inmate trust account (Doc. 299).  The Bureau of Prisons is **AUTHORIZED** and **ORDERED** to turnover to the Clerk of this Court payment in the amount of $1,665.59. The Clerk of Court shall accept the funds currently held in the trust account for the following inmate:

> Tavis Doyle
> Reg. No. 08598-025
> USP Tucson
> P.O. Box 24550
> Tucson, AZ 85734

The Clerk shall apply these funds as payment towards the criminal monetary penalties owed by the defendant in this case.  Payments shall be made payable to the Clerk of the District Court, 750 Missouri Avenue, East St. Louis, Illinois 62201.  The United States shall provide a copy of this Order to the Garnishee.

**SO ORDERED.**

Dated: May 6, 2021

_____
DAVID W. DUGAN
United States District Judge